IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(ERIE)

| | | |
|---|---|---|
| ROXANNE KINCAID | * | |
| | * | |
| | * | |
| ***On Behalf of Herself and*** | * | |
| ***All Others Similarly situated*** | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No.:  1:20-cv-257 |
| | * | |
| J.M.W., INC.D/B/A JULIET'S | * | |
| GENTLEMEN'S CLUB, and | * | |
| JULIET WRIGHT, | * | |
| | * | JURY TRIAL DEMANDED |
| | * | |
| DEFENDANTS. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff Roxanne Kincaid ("Plaintiff"), individually and on behalf of all similarly situated employees, brings this Class and Collective action lawsuit against Defendants J.M.W., Inc. d/b/a Juliet's Gentlemen's Club ("JMW") and Juliet Wright ("Wright") (collectively "Defendants"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq*., and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the Commonwealth of Pennsylvania.  By acting as the named Plaintiff in this action, Plaintiff hereby consents to act as a Class Action Class Representative and participate as a Plaintiff in an FLSA Collective Action.

2.      JMW is a corporation formed under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Erie, Pennsylvania.  At all times relevant to this action, JMW has done business as an exotic dance club known to the public as Juliet's Gentlemen's Club in Erie, Pennsylvania.

3.      At all times, Wright has had a personal financial interest in JMW and have held herself out to the public and to the media as the owner and the individual in charge of the Juliet's Gentlemen's Club.

4.      At all times, Wright was the highest-level manager and officer of JMW.

5.      At all times, Wright was in charge of managing and controlling Defendants' managers who oversee the day-to-day operations of JMW.

6.      At all times, all important business operation questions and decisions that could not be answered or otherwise handled by Defendants' managers were brought to and resolved by Wright.

7.      At all times, Wright made all decisions relating to Plaintiff's and other similarly situated exotic dancers' misclassification as independent contractors resulting in the class-wide wage claims alleged herein.

8.      All Defendants were Plaintiff's "employers" for purposes of the FLSA, PMWA, and WPCL.

9.      At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

10.      At all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

11.     At all times, Plaintiff and other exotic dancers were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

13.     Plaintiff was employed by Defendants as an exotic dancer at Defendants' Juliet's Gentlemen's Club.

14.     Plaintiff's dates of employment were from approximately March 2016 through about March 2020.

15.     While in Defendants' employ, Plaintiff performed exotic dancer work duties primarily for the benefit of Defendants at Defendants' Juliet's Gentlemen's Club in Erie, Pennsylvania.

16.      While in Defendants' employ, Plaintiff's exact weekly hours worked varied slightly from week to week.

17.     While in Defendants' employ, Plaintiff typically and customarily worked about 20-30 hours or more per week.

18.     At all times, Defendants had knowledge of all hours Plaintiff worked per week and suffered or permitted Plaintiff to work all hours herein alleged.

19.     At all times throughout Plaintiff's employment, Defendants totally failed to pay Plaintiff any wages for work duties performed.

20.     At all times throughout Plaintiff's employment, Plaintiff and all other exotic dancer employees were employees of Defendants and were never independent contractors.

21.     While it is true that Defendants titled or classified Plaintiff and other exotic dancer employees as independent contractors, at all times while working for Defendants, Plaintiff and other exotic dancer employees considered themselves as employees of Defendants and that Defendants were their employers.

22.     At all times while Plaintiff was employed by Defendants, Defendants controlled all aspects of Plaintiff's job duties and the job duties of other exotic dancer employees through strictly enforced employment rules.

23.     Defendants hired Plaintiff and other exotic dancer employees and, at all times, had the ability to discipline them, fine them, fire them, and adjust each of their schedules.

24.     Defendants, at all times, supervised Plaintiff's work duties and the work duties of other exotic dancer employees to make sure Plaintiff's job performance and the job performances of other exotic dancer employees was of sufficient quality.

25.     At all times, Plaintiff's pay and opportunity for wages and the pay and opportunity for wages of other exotic dancer employees have been limited to the pay method set exclusively by Defendants.

26.     Defendants controlled all aspects of setting and enforcing the work schedule for Plaintiff and other exotic dancer employees.

27.     Plaintiff and other exotic dancer employees were never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

28.     At no time did Plaintiff or any other exotic dancer employee make a financial investment in Defendants business operation or any equipment belonging to Defendants.

29.     To perform the work duties that Plaintiff and other exotic dancer employees performed for Defendants, Plaintiff and other exotic dancer employees did not have or need any required certificate, education, or specialized training.

30.     At all times while Plaintiff was been employed by Defendants, Defendants have been in the business of operating a strip club featuring exotic dancers.

31.      At all times while Plaintiff was employed by Defendants, Plaintiff's job duties and the job duties of all other exotic dancer employees wave been directly related to exotic dancing performances for Defendants' customers.

32.     Plaintiff and other exotic dancer employees did not perform work that is exempt from the minimum requirement of the FLSA or Pennsylvania law.

## FEE AND FINE SYSTEM

33.     In addition to failing to pay Plaintiff and other exotic dancer employees' wages for hours worked, Defendants enforced a series of charges, fees and fines requiring Plaintiff and other exotic dancer employees to actually pay Defendants to start their work shift and a significant portion of the money they received as tips from customers.

34.     On a typical shift, Plaintiff and other exotic dancer employees actually paid Defendants, through fines, fees, and charges, approximately twenty dollars ($20.00) or more. The fines and fees paid by Plaintiff and other exotic dancer employees to Defendants included a mandatory "tip-in" and/or "tip out" to Defendants, mandatory monies paid directly to Defendants, mandatory tip sharing of Plaintiff's and other exotic dancer employees' tips to Defendants' non-tipped employees, deductions by Defendants from Plaintiff's and other exotic

dancer employees' tips received from Defendants' customers, and general and often substantial

deductions for fees, fines, and charges associated with violating Defendants' employment rules.

35.     The net result of Defendants' fee and fine system was the regular hourly rate for

Plaintiff and other exotic dancer employees is calculated in the negative.

## CLASS ACTION ALLEGATIONS

36.     The Class and the Class Members are defined as individuals that meet the

following definition:

### CLASS I

i.     Current and former exotic dancer employees who worked as exotic
       dancers at Juliet's Gentlemen's Club at any time between September 2017
       through the present; and

ii.    Who were not paid by Defendants for all hours worked at an hourly rate at
       least equal to the hourly rate required Pennsylvania minimum wage rate.

### CLASS II

i.     Current and former exotic dancer employees who worked as exotic
       dancers at Juliet's Gentlemen's Club at any time between September 2017
       through the present; and

ii.    Who were not timely paid by Defendants all wages due and required by
       Pennsylvania law in each workweek while in Defendants' employ.

37.     On information and belief, during the time period September 2017 through the

present, Defendants employed fifty (50) or more exotic dancer employees who meet the Class

and Class Member definition for Class I and/or Class II.

38.     The Class I and Class II Class Action claims arising under this Complaint are

properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

39.    The total members of Class I and Class II are believed to be substantially the same individuals and are believed to be at least fifty (50) or more current and former exotic dancer employees of Defendants, making joinder of all members impracticable.

40.    The named Plaintiff will adequately represent the interest of the class members because she is similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

41.    There are no known conflicts of interest between the Plaintiff and the other class members.

42.    Plaintiff's counsel, as Class Counsel, is qualified and able to litigate Plaintiff and the class members' claims.

43.    Plaintiff's counsel is well experienced in practice in employment litigation, including specifically the litigation of wage and hour class and collective actions involving the unique wage and hour claims of exotic dancers.

44.    Common questions of law and fact predominate in this action because all of the class' claims implicate the same wage laws of the State of Pennsylvania.

45.    The class action is maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

46.    The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would as a practical

matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

47. Absent this action, Plaintiff and the class members likely will not obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of Pennsylvania.

## COLLECTIVE ACTION ALLEGATIONS

48. In addition to pursuing this action as a Class Action for Federal Rule of Civil Procedure 23, Plaintiff is pursuing this action as an FLSA collective action on behalf of herself and all other similarly situated individuals.

49. The collective action includes:

    i. Current and former exotic dancer employees who worked as exotic dancers at Juliet's Gentlemen's Club at any time between September 2017 and the present; and

    ii. Who were misclassified by Defendants as independent contractors; and

    iii. Who were not paid by Defendants for all hours worked at an hourly at least equal to the Federal Minimum wage for all hours worked.

50. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

51. The essence of this entire case is the Plaintiff and other similarly situated individuals were improperly classified as independent contractors and were paid less than the FLSA required minimum wage and overtime rate for all hours worked.

52. Common to Plaintiff and all collective action class members is that each individual received wages from Defendants at a rate less than what is required by the FLSA for all hours worked each week.

53.     Specifically, Plaintiff and each collective action class member are seeking the difference between their net-negative regular hourly rates and the FLSA required rate and statutory damages under the FLSA.

54.     In the present case, the number of collective action class members is believed to exceed fifty (50) current and former exotic dancer employees.

55.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE VIOLATIONS**
**(COLLECTIVE ACTION)**

56.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

57.     Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

58.     At all times, Plaintiff and other exotic dancer employees were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

59.     At all times, Defendants were Plaintiff's "employers" and the employers of other exotic dancer employees under the FLSA.

60.     Defendants, as employers for Plaintiff and other exotic dancer employees, were obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the Federal Minimum Wage.

61.     At all times, Defendants paid Plaintiff and other exotic dancer employees no wages for hours worked.

62.     More exactly, when the fees and fines that Defendants deducted from Plaintiff's personal monies and the personal monies of other exotic dancers are factored in, Defendants paid Plaintiff and other exotic dancer employees a net negative regular hourly rate.

63.     The net negative hourly rate paid by Defendants to Plaintiff and other exotic dancer employees fell below the applicable Federal Minimum Wage.

64.      At all times, Defendants had actual knowledge that Plaintiff and other exotic dancers were in fact employees and were never contractors.

65.     At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the FLSA.

66.     Defendants' failure to pay compensation to Plaintiff and other exotic dancer employees as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.


**COUNT II**
**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
**MINIMUM WAGE VIOLATIONS**
**(CLASS ACTION)**

67.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

68.    At all relevant times relevant, Defendants employed, and/or continues to employ, Plaintiff and each of the Class Members within the meaning of the PMWA.

69.    At relevant times relevant, Defendants have perpetrated a willful policy and practice of improperly classifying Plaintiff and other exotic dancer employees as independent contractors and, consequently, failing to pay these individuals the applicable minimum wage for each hour worked.

70.    Pursuant to Defendants' compensation policies, Defendants improperly classified Plaintiff and other exotic dancer employees as independent contractors rather than pay Plaintiff and other exotic dancer employees the Pennsylvania minimum wage.

71.    Defendants have violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all other class members) for unpaid minimum wages in such amounts as are proven at trial, statutory liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
### VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT
### AND COLLECTION LAW
### (CLASS ACTION)

72.    Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

73.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and all other exotic dancer employees within the meaning of the WPCL.

74.    Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq.* Plaintiff and all other exotic

dancer employees were entitled to receive all compensation due and owing to them on their

regular payday.

75.    As a result of Defendants' unlawful policies, Plaintiff and all other exotic dancer

employees have been deprived of compensation due and owing.

76.    Further, due to Defendants' policy of assessing charges and fees against

Plaintiff and other exotic dancer employees and deducting amounts from the tips of Plaintiff

and other exotic dancer employees to offset business expenses, Plaintiff and other exotic dancer

employees were subject to improper deductions from their compensation.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all other

class members) for unpaid wages in such amounts as are proven at trial, plus statutory liquidated

damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any

other and further relief this Court deems appropriate.

Dated this ____ day of September, 2020        Respectfully submitted,


___/s/  Max B. Roesch_____
Max B. Roesch, PA Bar No. 326577
Lindsay Law Firm, PC
110 E Diamond Street
Butler, Pennsylvania 16001
Phone:  (724) 282-6600
Email:  max@lindsaylawfirm.com


___/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, MD Fed Bar No. 17291
(*To be Admitted by Pro Hac Vice*)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373

Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff and the Class/Collective*